UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ARRIAMA A. MATLOCK-ABDULLAH,

                        Plaintiff,

                                                                         6:15-CV-00294

v.

                                                                         (GTS/TWD)

SUSAN DUFEL,

                        Defendant.
_____

APPEARANCES:

ARRIAMA A. MATLOCK-ABDULLAH
Plaintiff, *pro se*
P.O. Box 76
Canajoharie, New York 13317

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## ORDER AND REPORT AND RECOMMENDATION

      The Clerk has sent to the Court for review the *pro se* complaint in this employment discrimination action brought against Defendant Susan Dufel, pursuant to Title VII of the Civil Rights Act of 1962, as amended, 42 U.S.C. §2000e, *et seq*. (Dkt. No. 1.) Also before the Court is Plaintiff's second application for leave to proceed *in forma pauperis* ("IFP application").[1] (Dkt. No. 5.)

**I.    IFP APPLICATION**

      A court may grant *in forma pauperis* status if a party "is unable to pay" the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1). After reviewing Plaintiff's second IFP

---

[1] Plaintiff's initial IFP application was denied without prejudice as incomplete. (Dkt. Nos. 2 and 4.)

application, the Court finds that Plaintiff meets this standard. Therefore, Plaintiff's second IFP application (Dkt. No. 5) is granted.

## II. LEGAL STANDARDS FOR INITIAL REVIEW

Even when a plaintiff meets the financial criteria for *in forma pauperis*, 28 U.S.C. § 1915(e) directs that when a plaintiff proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must look to see whether the complaint lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "An action is frivolous when either: (1) the factual contentions are clearly baseless such as when the claims are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations and internal quotation marks omitted). Although extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *See, e.g., Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (holding that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

To survive dismissal for failure to state a claim, a complaint must plead enough facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

2

(2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-harmed-me accusation." *Id*. In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

Where a plaintiff proceeds *pro se*, the pleadings must be read liberally and construed to raise the strongest arguments they suggest. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citation omitted). A *pro se* complaint should not be dismissed "without giving leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (citation and internal quotation marks omitted). An opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

### III. PLAINTIFF'S COMPLAINT

Plaintiff was formerly employed as a Labor Services Representative, with the New York State Department of Labor ("NYSDOL"), Workforce Solutions Career Center ("Workforce

3

Solutions") in Montgomery County. (Dkt. No. 1-1 at 12.) Defendant Susan Dufel ("Dufel") is identified in Plaintiff's complaint as the Director at Workforce Solutions. (Dkt. No. 1 at ¶ 3.) In her complaint, Plaintiff alleges that Dufel held her to a different work standard than Plaintiff's Caucasian counterparts; called Plaintiff into her office on September 16, 2013, to reprimand her for a Caucasian co-worker's client; repeatedly called Plaintiff into her office in October and November of 2013 to reprimand her for documentation issues; and verbally reprimanded Plaintiff in front of her staff counterparts. *Id*. at ¶ 8. Plaintiff has also alleged that Dufel willfully involved other regulating agency staff members and subordinates in efforts to deny and conceal acts of wrongdoing toward Plaintiff that would support Plaintiff's allegations. *Id*. at ¶ 9. According to Plaintiff, Dufel created a hostile work environment ripe for retaliation where other staff members could feel comfortable displaying aggressive actions towards Plaintiff based upon her race. *Id.* Plaintiff claims that the behaviors and acts committed against her based upon her race caused her emotional, mental, and physical anguish, and caused her to work in an environment where she felt constantly set apart. *Id*.

On January 3, 2014, Plaintiff filed an internal complaint with the NYSDOL claiming that an individual, whose name is blacked out in the documentation submitted by Plaintiff with her complaint, held her to a different standard than other employees, changed rules in a manner that adversely impacted her, and created a hostile work environment by publically embarrassing her, singling her out for penalties, bullying her, and systematically targeting her for unfair treatment. (Dkt. 1-1 at 12.)

Plaintiff filed a discrimination complaint against the NYSDOL with the U.S. Equal Employment Opportunity Commission (EEOC) on July 11, 2014, alleging that she was targeted

4

for harassment, subjected to different terms and conditions of employment, and constructively discharged because of her race (Black). (Dkt. No. 1 at ¶ 10 and p. 6.) According to the December 12, 2014, EEOC right-to-sue letter, Plaintiff resigned from her position some time after the department in which she worked lost federal funding in April of 2014. *Id*.

Plaintiff has alleged that she received the EEOC right-to-sue letter on or about December 16, 2014. *Id*. at ¶ 11. Plaintiff submitted her complaint to the Clerk for filing in a timely manner on March 13, 2015.[2] (Dkt. No. 1.)

## IV. ANALYSIS

Title VII provides that "[i]t shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to his [or her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). To state a claim under Title VII, a plaintiff must plead a discrimination claim "that is facially plausible and . . . give[s] fair notice to the defendant of the basis for the claim." *Barbosa v. Continuum Health Partners, Inc.*, 716 F. Supp. 2d 210, 215 (S.D.N.Y. 2010) (citation omitted); *see also Iqbal*, 556 U.S. at 678.

Plaintiff has sued Dufel, who is an individual employee of the NYSDOL. It is well-established that "individuals are not subject to liability" under Title VII. *Patterson v. Cnty. of Oneida, N.Y.*, 375 F.3d 206, 221 (2d Cir. 2004). Therefore, Plaintiff's complaint fails to state a claim against Dufel.

---

[2] Under Title VII, Plaintiff was required to file her lawsuit within ninety days of her receipt of the December 12, 2014, EEOC right-to-sue letter. (Dkt. No. 1 at 6-7.) *See* 42 U.S.C. § 2000e-5(f)(1).

Plaintiff has not named her former employer, the NYSDOL, against whom she filed her EEOC complaint, as a defendant in this lawsuit. (Dkt. No. 1.) The NYSDOL is an agency of the State of New York. *Jackson v. NYS Dept. of Labor*, 709 F. Supp. 2d 218, 225-26 (S.D.N.Y. 2010). The Supreme Court has held that Congress intended to abrogate the states' Eleventh Amendment immunity from suit under Title VII. *See Fitzpatrick v. Bitzer*, 427 U.S. 445, 449 n.2 (1976); *David v. State Univ. of N.Y.*, 802 F.2d 638, 640 n.1 (2d Cir. 1986) ("a state and its agencies have been subject to suit under Title VII since 1972 and have no Eleventh Amendment immunity"). Therefore, there is no constitutional impediment to the assertion of a Title VII claim against the NYSDOL, and the Court finds the NYSDOL to be the proper defendant in this case.

In light of the foregoing, the Court recommends that Plaintiff be granted thirty days from the date the District Court files its order on this Court's Report-Recommendation within which to file an amended complaint naming the NYSDOL as defendant in this action. The Court further recommends that upon the expiration of the thirty days granted Plaintiff to file an amended complaint, the action be dismissed with prejudice as against Defendant Dufel whether or not Plaintiff has filed an amended complaint.[3]

**ACCORDINGLY**, it is hereby

**ORDERED**, that Plaintiff's second IFP application (Dkt. No. 5) is **GRANTED**; and it is

**RECOMMENDED**, that Plaintiff be granted leave to file an amended complaint naming the New York State Department of Labor as defendant within thirty days from the filing of an

---

[3] Plaintiff has filed numerous attachments to her complaint which include a significant number of documents and three CDs containing voice recordings. (Dkt. Nos. 1-1 through 1-17.) The Court recommends that the attachments be deemed to be part of any amended complaint filed by Plaintiff so that they will not have to be re-filed.

order by the District Court on this Court's Report-Recommendation; and it is further

**RECOMMENDED**, that in the event Plaintiff files an amended complaint, that the attachments submitted by Plaintiff with her original complaint (Dkt. Nos. 1-1 through 1-17) be deemed to be part of the amended complaint; and it is further

**RECOMMENDED**, that at the expiration of the thirty days granted Plaintiff to file an amended complaint, the action be dismissed with prejudice against Defendant Dufel, regardless of whether or not Plaintiff has filed an amended complaint; and it is

**ORDERED**, that in the event Plaintiff files an amended complaint, the Clerk submit the amended complaint to this Court for initial review pursuant to 28 U.S.C. § 1915(e); and it is further

**ORDERED**, that the Clerk provide Plaintiff with a copy of this Order and Report-Recommendation in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: April 28, 2015
       Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge